UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN DERAFFELE,

                      Plaintiff,

            -against-

WILLIAMS AND WILLIAMS, AUCTION
NETWORK, JENNIFER BENNETT, JOHN
HEILIGER, and WILLIAMS AND WILLIAMS
MARKETING SERVICES, INC.,

                      Defendants.
----------------------------------------------------------X

**OPINION & ORDER**

21-CV-06033 (PMH)

PHILIP M. HALPERN, United States District Judge:

      John DeRaffele ("Plaintiff"), proceeding *pro se*, brings two claims for relief against Williams and Williams, Auction Network, Jennifer Bennett ("Bennett"), John Heiliger ("Heiliger"), and Williams and Williams Marketing Services, Inc. (collectively, "Defendants"). (Doc. 36, "AC"). Plaintiff alleges that Defendants failed to disclose information concerning an easement on a property on which Plaintiff was the successful bidder at an auction, and that when Plaintiff refused to honor his bid, Defendants threatened Plaintiff with litigation and banned him from participating in future auctions. (*See generally* AC). Plaintiff seeks damages in the amount of $100,000 on his first claim for relief sounding in fraud; $250,000 on his second claim for relief for violation of the Sherman Act; $1,000,000 in punitive damages; and a reversal of the ban. (*Id.* at 13).[1]

      Defendants, in accordance with the briefing schedule set by the Court, moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint. (Doc. 51; Doc. 52,

---

[1] Citations correspond to the pagination generated by ECF.

"Def. Br."). Plaintiff opposed by affidavit (Doc. 53, "Pl. Aff.") and Defendants did not file any reply.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff is a realtor and investor who has purchased properties for over thirty years through both the conventional and auction process. (AC at 12; Pl. Aff. at 2). Plaintiff has been a client of Williams and Williams, an auction company, for approximately fifteen to twenty years. (AC at 12). Joseph Pogostin, Plaintiff's partner, has also been a client of Williams and Williams for over fifteen years, successfully bidding on and purchasing properties through their auctions. (*Id*. at 13).

On June 24, 2021, Plaintiff was the successful bidder at $175,000 in a Williams and Williams auction on a property located at State Highway 28 in Exeter, NY. (*Id*. at 8). The property brochure stated that "there might be an easement" on the property. (*Id*. at 4). Following the auction and while visiting the property in Exeter, either Plaintiff or Mr. Pogostin learned from the owner of a local cider mill that the property was in fact subject to an easement. (*Id*. at 4-5; Pl. Aff. at 3). Plaintiff contacted Heiliger, a broker representing Williams and Williams, inquiring as to his knowledge of the potential easement. (AC at 5). Heiliger stated that he was not aware of any easement existing on this property. (*Id*.). Plaintiff thereafter ordered a title search and survey, whereby it was revealed that 59 of the 71 acres of the property were subject to an easement by the Department of Agriculture for the next 34 years. (*Id*.; Pl. Aff. at 3, 6).

On June 28, 2021, Plaintiff proposed an alternative bid of $25,000 for the 12 usable acres of the property during a conference call with Bennett. (AC at 5-6). On June 30, 2021, Plaintiff received a series of emails from Bennett, who then revealed she was an attorney for Williams and Williams, stating that Plaintiff would be in default if he did not sign the contract, make a down

payment, and be willing to close, and that he would be banned from future auctions with Defendants. (*Id*. at 8). Plaintiff refused to sign the contract and Defendants then banned Plaintiff and Mr. Pogostin from future auctions. (*Id*. at 8-9, Pl. Aff. at 4-5).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**ANALYSIS**

I. <u>First Claim for Relief</u>

Plaintiff's first claim for relief alleges a violation of the "Federal Fraud Statute 18 US Code 47" and purports to quote from "18 US[C] 1374." (AC at 9). Defendants point out that although the cited statute does not exist, based upon the quoted excerpt in the pleading, Plaintiff is arguably asserting a claim under 18 U.S.C. §§ 1341 or 1343. (Def. Br. at 9-10). To the extent Plaintiff intended to plead a violation of 18 U.S.C. §§ 1341 or 1343, the claim fails as a matter of law as these criminal statutes do not create a private right of action. *Cracolici v. Saunders*, No. 18-CV-03807, 2019 WL 1862470, at *2 (S.D.N.Y. Apr. 25, 2019).

Giving Plaintiff all the solicitude the law permits for *pro se* litigants, *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012), although a mail or wire fraud offense is not independently actionable, it may constitute a predicate act under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1961(1) (defining "racketeering activity" to include offenses indictable under 18 U.S.C. §§ 1341 or 1343). Any such RICO claim fails, however, as the alleged scheme occurred over a period of one week, involved a single victim, and concerned an isolated real estate venture which has been terminated. *See e.g. Bernstein v. Misk*, 948 F. Supp. 228, 238 (E.D.N.Y. 1997) (no civil RICO claim based upon alleged acts of mail and wire fraud committed in connection with an isolated real estate venture which had been terminated); *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 998-99 (E.D.N.Y. 1995) (no civil RICO claim based upon single real estate transaction involving one alleged victim, a limited goal, and criminal conduct which lasted approximately fifteen months); *Cont'l Realty Corp. v. J.C. Penney Co.*, 729 F. Supp. 1452, 1453, 1455 (S.D.N.Y. 1990) (no civil RICO claim based upon "a real estate transaction gone sour" involving one victim, one group of perpetrators,

and a single goal occurring over more than a year). In short, a garden-variety fraud claim does not fit within the standard of civil RICO.

Thus, continuing to examine this claim with the special solicitude required for *pro se* litigants, Plaintiff's first claim for relief is more properly considered as a common law claim for fraud. However, even when interpreted liberally to raise the strongest arguments that it suggests, *McPherson*, 174 F.3d at 280, the Amended Complaint fails to state a claim for relief that is plausible on its face.

"Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney*, 668 N.E.2d 1370, 1373 (N.Y. 1996)).

It is well settled that "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment." *Schottland v. Brown Harris Stevens Brooklyn, LLC*, 968 N.Y.S.2d 90, 92 (N.Y. App. Div. 2013). A seller may have a duty to disclose information concerning the property if "some conduct (i.e., more than mere silence) on the part of the seller rises to the level of 'active concealment.'" *Daly v. Kochanowicz*, 884 N.Y.S.2d 144, 153 (N.Y. App. Div. 2009) (quoting *Jablonski v. Rapalje*, 788 N.Y.S.2d 158, 160 (N.Y. App. Div. 2005)); *see also Slavin v. Hamm*, 621 N.Y.S.2d 393, 395 (N.Y. App. Div. 1994); *Stambovsky v. Ackley*, 572 N.Y.S.2d 672, 675 (N.Y. App. Div. 1991). "Mere silence on the part of the seller, without some affirmative act of deception, is not actionable as fraud." *Schottland*, 968 N.Y.S.2d at 92

(quoting *Perez-Faringer v. Heilman*, 944 N.Y.S.2d 170, 172 (N.Y. App. Div. 2012). "Where the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *Id*.

Plaintiff alleges that the property brochure provided to bidders stated that "there might be an easement" on the property. (AC at 4). There was, therefore, no misrepresentation or omission in that regard. With respect to Plaintiff's allegation that Heiliger's statement to Plaintiff that he was unaware of the existence of an easement constituted a fraud, this statement was made *after* Plaintiff had already won the auction. (*Id*. at 5). Thus, Heiliger could not have had the requisite intent to induce Plaintiff's reliance on his statement in connection with the bidding, nor could Plaintiff have relied on his statement when bidding on the property. Finally, the easement was recorded and a matter of public record which was ultimately confirmed through a title search and survey. (*Id*.). Plaintiff simply did not investigate the possibility of the existence of an easement until after he participated in and won the auction. (*Id*. at 4-5). Thus, as a matter of law, Defendants did not actively conceal the easement from Plaintiff and Plaintiff was not "thwarted [in his] efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor." *Schottland*, 968 N.Y.S.2d at 92. Accordingly, Plaintiff's first claim for relief is dismissed.

II. Second Claim for Relief

Plaintiff's second claim for relief alleges a violation of the Sherman Act, 15 U.S.C. §§ 1, 2. Plaintiff "cannot sue directly under the Sherman Act, 15 U.S.C. § 1, because 'Section 1 of the Sherman Act does not itself provide a private right of action.'" *Bey v. Roc Nation, LLC*, No. 21-CV-03314, 2021 WL 3115134, at *3 (S.D.N.Y. July 21, 2021) (quoting *In re Publ'n Paper*

*Antitrust Litig.*, 690 F.3d 51, 62 (2d Cir. 2012)). The Court therefore construes Plaintiff's second claim for relief instead as "invoking the private-right-of-action provisions of the Clayton Act," which authorize private suits by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." *Id*. (citing *Greene v. Conn. Bd. of Accountancy*, No. 00-CV-00599, 2001 WL 286855, at *2 (D. Conn. Mar. 20, 2001)); 15 U.S.C. § 15.

Plaintiff alleges that the ban imposed by Defendants constitutes a restraint on trade because it prevents him from future participation in Defendants' auctions. (AC at 11). To state a Clayton Act claim for a Section 1 violation of the Sherman Act, "a plaintiff must allege 'a combination or some form of concerted action between at least two legally distinct economic entities' that 'constituted an unreasonable restraint of trade either per se or under the rule of reason.'" *Primetime 24 Joint Venture v. Nat'l Broad., Co.*, 219 F.3d 92, 103 (2d Cir. 2000) (quoting *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 996 F.2d 537, 542 (2d Cir. 1993)). A plaintiff must establish, for a Section 2 violation, "(1) [a defendant's] possession of monopoly power in the relevant market; and (2) [its] willful acquisition or maintenance of that power, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)).

Defendants argue that Plaintiff's claim fails because his allegations do not support monopolization or other antitrust violations. Rather, Plaintiff's complaint is that Defendants told him they would no longer allow him to participate in their auctions because he defaulted on a previous transaction with them. (Def. Br. at 14). The Court agrees that Plaintiff cannot plausibly state an antitrust claim. Plaintiff does not allege that Defendants conspired with other members of the auction industry to block Plaintiff from all auction opportunities. (*Id.* at 14-15). Indeed, he

alleges that Defendants, the auction company and its own representatives, conspired *with each other* to ban Plaintiff from their future auctions—and not from auctions of any other auction company. (AC at 4, 6, 11-12). There are no allegations of concerted action between two legally distinct economic entities, nor of any agreement between anyone in restraint of trade. There are no allegations of monopolization of the auction market, or that defendants can control prices or exclude competition. Moreover, dismissal is appropriate where, like here, "there is an obvious alternative explanation" to alleged conspiratorial conduct. *Cenedella v. Metro. Museum of Art*, 348 F. Supp. 3d 346, 358 (S.D.N.Y. 2018). Defendants simply do not want to continue to do business with a bidder who has failed and refused to honor his bid on more than one occasion. Plaintiff has not alleged facts illustrating that Defendants' conduct resulted from a conspiracy as opposed to this obvious alternative explanation for the ban from Defendants' future auctions. Accordingly, Plaintiff's assertions against Defendants do not give rise to a plausible claim under the Clayton Act.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, Plaintiff has already amended his complaint once and any further amendment would be futile. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

The Clerk of Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 51; (ii) mail a copy of this Opinion & Order to Plaintiff; and (iii) close this case.

                                                        **SO ORDERED:**

Dated: White Plains, New York
         February 16, 2023

                                                      _____
                                                        Philip M. Halpern
                                                        United States District Judge